This is Holland v. MSPB, 19-1388. Mr. Robio, I see you reserved four minutes of time for rebuttal. I did, Your Honor. Okay, we're ready to go. Thank you. Good morning. I'd like to address first that the specific critical issues that we believe are important to a decision and the reversal of the decision of the action below. First, the central issue is Mr. Holland's due process at the time of his termination. And secondly, whether or not he was afforded his due process and or procedural due process rights as an employee. It is undisputed that Mr. Holland was an employee pursuant to Part 73.101.B and in a covered position at the time of his termination. Also, he had attained that status. That's right. Those are the suitability regulations you're talking about, but not it's a different question for statutory. Correct. This is the suitability aspect. And at the time he attained that status three weeks prior to his termination because he had to be an employee that was there for at least a year in a covered position and then he attains at that point employee status. And at that point, our argument is that he at that point obtained and was subject to and afforded due process, Fifth Amendment due process rights and procedural due process rights under the suitability statutes. Also, he was an employee who was subject to investigation and according to the regulations, being such an employee, they must make a suitability determination and then thereafter determine what suitability action, if any, has to be criminal act, intentional fault statements, deception, fraud. If they find a negative finding, then DEA was required to refer that matter to OPM for further consideration. That's all predicated on the idea that they were making a suitability determination, but the government has argued that that's not in fact what happened here. That's correct, but I don't believe that's what it is. I believe this regulation stands alone. Every employee in a subject to investigation position, which a DEA criminal investigator is, Mr. Cameron is in the courtroom here, is subject and must have a determination made. It doesn't, this suitability isn't separate from another particular place. It's saying if you're going to work for us as a criminal investigator, we are required to do a suitability determination on you. Whether there's something wrong or not, that's not the point. The point is to determine the character, the morality, the conduct of a particular person, good or bad. So I disagree that they have to be separated. We can look at statutes and we can look at the regulations, but unless the agencies are required and do not follow their own regulations, then what value are the regulations? Maybe just to, I guess the point might be put a slightly different way. That is, the government's position is, DOJ's position is that it did not make a determination of unsuitability. And as I kind of understand it, they kind of have three points about that. One is, there's only, in the list within the regulations, like the things that can lead to unsuitability determination, only one is really relevant. The one about essentially intentional falsehoods. And they say, we did not determine they were intentional falsehoods. We just determined that there were important omissions. The intent element was not part of it. Second, that another reason I think that they say they did not make a determination of unsuitability is that they recognize they didn't have the authority to do it. It wasn't delegated to them from OPM. And then third, that's kind of a more legal point, that when in 2008 or nine or something, OPM promulgated the regulations, the Federal Register commentary on it says, we are not going to look behind the assertion, the invocation of the particular authority. And here, suitability with the exception of what they later say was a mistake on the form, but not in the letter, was not invoked as the authority. Yeah, but I believe it was, Your Honor. And I'll tell you why I believe they made a suitability. There are several aspects to this case, and I think they kind of get intertwined somewhere along the line. And they also get confusing along the line. But I think a suitability determination was made just because they didn't use the word suitability determination, or they didn't use the word unsuitable, rather they used incompatible, because in the termination later, that's what it said. You have provided untruthful information and incomplete information, and therefore, we find you incompatible to the services and duties of an 1811 criminal investigator. I think because of the use of those words, they say the same thing. As we argued in the brief, suitability and incompatibility are synonymous. So just because they avoided the use of the words, I think at some point they recognized that they should have done a suitability determination. But they can't back up on that because now they terminated them under another form. So they did make a suitability determination when you look at it. In fact, their own attorney stated that he was basically, Mr. Cameron was responsible for providing false or misleading information in the questionnaire. Once that issue arose, and they stated that, and they stated that in their submissions to the board below, once they made those submissions, they have admitted that a suitability determination should have been made. They've already admitted they didn't do one. They said we didn't have the authority to do one. Well, if they didn't have the authority under the regulations, they had to refer it to OPM to do the suitability determination, which they didn't do either. They're saying, no, we don't have to. He was a probationer. Okay, goodbye, he's gone, with no rights, nothing at all. Under 315805, he had rights. We're arguing that. That's another section of this argument. And we say that because of that, he is an employee. Whether you're an employee under a regulation, whether you're an employee under a statute, you are an employee. And once you become an employee, according to this court, at least in the Robinson case, which I believe two of you said, and on that case and to that decision, there's a fundamental right to pre-termination opportunity to be heard, at least at a minimum, to have a meaningful response, to know what the notice is, and respond to it accordingly. Regardless of where you are, whether you're a probationer or whatever, once you are an employee under any statute, not just necessarily 7511, not under any other statute, 2105, or whatever it may be, once you're an employee, your rights arise by the Constitution, not necessarily by the statutes. To be clear, the suitability stuff you're pointing to is not a statute. I can't hear you, Judge. I'm sorry. Please say it. I'll try to listen. The suitability material is not in the statute. It's only regulatory. That's correct. Yes, it is regulatory. But if you don't follow your regulations, why have them? So if you're required that once you find that somebody provided misleading information, their own attorney said that's what it was. It was misleading information. Where in the regulation do you believe under these circumstances a suitability determination had to be made? Yes, I do. Where? Where in the regulation? Right here, Judge. It's right here. It's in Section 73-104-B3. Anyone in a subject to investigation position must have a suitability determination made. It's exactly right there. Okay. Let me know when I can proceed. Oh, I'm sorry. I don't see how we can avoid loud and mild or stumped. Let me just say, I want to understand a little bit more about what consequences follow from a negative suitability determination or suitability action, including removal. Does that mean that there is an extra formal impediment to later being employed, either by the federal government generally or by this agency? Absolutely. But why then isn't it significant that that was not asserted, that is made by the DEA, the impediment to getting re-employed is lower now than it would be had there been a suitability action. Had there been a suitability action, you would have a right to appeal the jurisdiction, there would be jurisdiction in the MSPB. Under 501 and or 501, 501A, he would be able to appeal. In this case, we'll say, no, you cannot appeal. We have no jurisdiction. Once that suitability determination was made under these regulations, whichever one it may be, by the agency and or by OPM, which is really the person who should have handled this situation, should have been referred to them. Once that happens, you would have an appeal, right of appeal. That's the consequence. What has happened now, because there's no right of appeal, Mr. Cameron can no longer work in law enforcement, state, local, or federal. Because they have, as we argued in the case, definitely, basically giggly-oed him. He's lied, therefore he can't be used for affidavits, he can't be used for this, he can't be used for anything, he can't testify, he can't be in certain investigations. His career has been ruined by the statements in this letter as a result of an innocent error and misinterpretation of a question for which he was never given an opportunity after termination to address. I find that patently unfair and unjust. And I ask this Court to reverse the decision below and at least give him an opportunity for a hearing to see whether or not it was there. At that hearing, they're going to have to establish by preponderant evidence that he intentionally did it. That's in the Habee case in NACO. Once you get to those two cases, they have a severe burden, which I don't believe they can sustain. Those cases say that the specific charges that were made have an intent element in them? Yes. And this one does. Where is that, by the way? They basically said that, well, they didn't say that he had intent, but obviously it's there. If someone says to someone, you provided untruthful and incomplete information, they don't say, you did that erroneously. They never said that. They knew that was true, but they never addressed that point. And I can't get into something that didn't happen because we didn't have the opportunity. I can't bring up facts that have happened since then. But I can tell you, it's been severe consequences. And I might add, Judge Toronto, that in this particular case, this will not have far-reaching effects at all. It's basically limited to cases like this where possibly the agency itself and or OPM has not complied with their own regulations. I only have three minutes left. I'd like to reserve those, if I may. May it please the Court. Jeff Gauger for Respondent MSPB. So one of the things that's easily conflated with suitability is suitability determination versus suitability action. They're two different things. They're defined in the suitability regulations. We actually, in the addendum to our brief, the red brief, on page 9, you can see the definitions, how OPM is defined. Suitability action and how it's defined suitability determination. So as relevant here, suitability action is the only thing that can be appealed to the MSPB. But a suitability action includes a removal, expressly, right? As listed here, yes. Right. Based on a determination of unsuitability. And the only question, therefore, is whether it is proper or improper to characterize the determination made by DEA as a determination of unsuitability. Because the action is undisputedly one of the ones that's listed as a suitability action, right? I don't know if that's indisputable, but let me just... Is it disputed? He was removed from his job. He was not removed as a suitability removal action, no. It was a termination. Maybe I misunderstand your question. You started by saying there's suitability determination and suitability action. Agreed. Suitability action is you're determined to be unsuitable and then there's an itemization of a number of actions taken on that basis, one of which is removal. So he was removed. So aren't we just talking about whether the basis for the removal was a determination of unsuitability? No. Oh. No. This is a termination during a trial period. That's what the record shows. He was terminated during a trial period, which is a different type of action. It's not appealable. So you say that there was no removal here. There was no removal. That's a term of art in the suitability regulations. First, you have to get to the suitability regulations. What does removal mean? Removal in the suitability regulations, it means that they've been removed based on the criteria set forth in the suitability regulations. A termination, on the other hand, during a trial period could be for a myriad of reasons, none of which are under the accepted service are appealable to the MSPB. So this is the real issue in this case. The only issue in this case is whether the MSPB correctly determined that Mr. Holland is in the accepted service, serving a trial period, and that he is a non-preference-eligible, not a preference-eligible veteran. If all that is true, and the record is pretty clear that it is, then he has no appeal rights to the MSPB. The agency here didn't... They never... You were truly saying something that I guess is surprising to me, so you can correct my thinking. I had understood that there were several possible alternative appeal rights on the table. There were the 7511-based appeal rights, and there were some of the, I don't know, the other regulatory ones, 731-806 or 804 or something, which... And those depend, those two both depend on this resolution of the issue about competitive service versus accepted service. My understanding was that the question of appeal rights under 731-504 or 501 or something does not depend on that, because he is or was a covered employee for purposes of the suitability regulation, and that the argument that the board adopted, and I think that the government is pressing, is not that he wasn't a covered employee, but that the basis for the action was not a determination of unsuitability under the 731 regulation. But that had nothing to do with questioning, with saying, oh, he really was not in the accepted service. So in order to invoke the suitability regulations, the agency would have had to do two things. First, they would have to consider the criteria, the suitability criteria, which does not exactly match up to saying that someone's not been truthful. I understand that argument, but you're making a different point here, which I truly did not understand. I thought the only dispute about whether he had suitability regulation appealability was whether the decision that was made that led to his, the end of his employment, just call it that, was a determination of unsuitability, basically under the intentional falsehood criteria. That they may not, the agency never invoked the suitability regulations, and I think, I think the answer to your question is in the suitability regulations themselves. It's on addendum page 12, and OPM specifically states that nothing in the suitability regulations, nothing in the regulations prevents or precludes an agency from terminating someone during their probationary period. The entirety of this record reveals that what happened here was, Mr. Holland? Where's that? It's on page 12 of our addendum, the red brief. There are a lot of words on there. And it's 5 CFR 731-105 paragraph E, and it says an agency may not take a suitability action against an employee. That's the second part I was going to tell you, that if they believed there was, this met the suitability criteria and they wanted to turn it over to OPM, that's what they would have had to have done. They could not have taken this action. But it goes on. It says nothing in this part precludes an agency from taking an adverse action against an employee under the procedures or standards of Part 752, but it couldn't do that because he's not an employee under Chapter 75. It doesn't meet the definition under 5 U.S.C. 7511. Continuing, it says that nothing prevents them from terminating a probationary employee under the procedures of Part 315 or Part 359 of this chapter. So they have, the options are right in the regulations. No, no, you really need to say what the heck 315 and 359 are. Okay, so the reason it references 315 is up until 2008, so there's the accepted service and the competitive service, and the general idea is accepted service is easier to hire, easier to fire, so more flexible. Up until 2008, the suitability regulations only covered competitive service employees. And in fact, suitability was considered part of competitive examination. In 2008, OPM said, well, now we're going to include accepted service employees who are eligible at some point to be non-competitively converted into the competitive service. That never happened here. He was, for all purposes of this appeal, at all times, Mr. Holland was an accepted service employee, not a competitive service employee. However, because of that language and the definition, this isn't, if you're looking for that definition of covered employee, it's on page 9 of the addendum. Because of that language, the administrative said, okay, he's a covered employee, let's see if there is a suitability action here. And on page 4 of the appendix in the initial decision, the administrative judge concludes there's no suitability action here. These regulations were never invoked by the DEA. The DEA instead, as the record reflects based on the SF-50, based on the termination letter, the record reflects that the agency chose to take, to terminate the employment of Mr. Holland during his trial period. And nothing in these regulations prevents the DEA from doing that. Counselor, you've used up most of your time. So let's hear from Counselor Krueser. Good morning. May it please the Court. Rebecca Krueser for DOJ. I just wanted to use my time to clarify some of the issues that have been raised by Mr. Holland's counsel here. First, the fact that under the suitability regulation he meets that specific definition of an employee, that by itself does not give him any appeal right to the MSPB because that regulation requires a suitability action to have been taken place. So just falling to that definition does not in and of itself create jurisdiction. Second of all... So termination is not a suitability action? Just stand alone. Termination, is it a suitability action? A removal can be a suitability action if it's taken based on a suitability determination. Any removal that has something to do with a background investigation is not a suitability determination or a suitability action. Right. So you are making the argument that I came in to this oral argument understanding was that issue, but I think the Board's attorney was saying something quite new. Your brief says the reason the suitability regulation doesn't apply is that there was no suitability determination. And I think that's very much worth talking about. I had understood the Board's attorney now to be saying there wasn't even a removal under 203A, which I mean, there's only one paragraph in the whole AHA decision on this. I did not understand that you even were making that argument in your brief. I believe MSPB counsel is correct that there's a difference in term of art between a termination and a removal. However, in our brief, I did not discuss if that definition is determinative in this issue. So I won't get into that here. Going from what we have argued... Is that term of art codified in any way? I am not particularly aware of the... I am not prepared to talk about that difference. Based on what the Board has held and what the DEA has done in this case, looking at it's Mr. Holland's burden at this point to make non-frivolous allegations that would prove jurisdiction. He has no allegations showing either a suitability action or a suitability determination took place. He did not contradict the declaration of Patricia Murphy, which the DEA offered before the Board, which explicitly lays out that the DEA did not make a suitability determination. That's Appendix 286. That expressly lays out that the DEA did not make a suitability determination and did not terminate him based on any suitability determination. It did not refer to OPM to do that. It did not receive anything from OPM telling him to do that. So simply, Mr. Holland's attorney's belief that it must have happened because it has something to do with his background investigation is not a non-frivolous allegation that the Board judge found to be sufficient, and that's correct. There is no proof in this case a suitability action actually occurred. Whether he was terminated, whatever, removed from Federal service, that is not automatically a suitability action just because it relates to information on his background investigation. If the substance of the decision made by the deciding official were identical to the particular provision of the suitability determination regulations, that is, I think, the only one being talked about, basically intentional falsehood, would that change the analysis? Because at that point, what would be left was only the argument that the employer just didn't call it a suitability determination. And maybe you have an argument based on the introduction in the Federal Register that deciding what you call it, that makes all the difference in the world. But is that the argument? Or is it, I mean, maybe that's one of the arguments, but is there also a difference between the substance of the decision that was made by the deciding official and the particular intentional falsehood standard of the 731 regulations? Well, there's several issues in that, Your Honor. One is that an agency is not delegated authority from OPM to make a suitability determination on that specific charge of material, intentional. Right. So your argument is we couldn't have done that. Yes. Separate from the fact that the DA did not, it also could not have. Well, but the fact that the DA did not could mean something entirely semantic. We didn't use the word. Or it could mean something substantive. What is the substantive difference between what the deciding official decided and what is in the intentional falsehood regulation? Yes, you're correct, Your Honor, that his termination letter did not say that he intentionally made any of those statements in his background investigation. He was terminated, and I believe that's at Appendix 107, that he was terminated for a failure to provide complete and truthful information on his background investigation. So they weren't giving him any sort of mens rea of that. They were simply looking at the discrepant information. And he was actually warned that this could happen when he was hired. He signed a letter saying that if discrepant information was later found, he could be terminated on that basis. So that's what occurred. They did not go through any process of looking into any of the suitability grounds and making that determination. Is there some kind of intent suggestion in what comes a little bit later in the letter, which is not only is there this discrepancy, but that discrepancy we think renders him incompatible, I think is the word, incompatible with the job for this particular agency? That's not how we believe it should be read, Your Honor. And the agency, this goes back to that his argument is simply a constructive suitability determination. The agency did not invoke that legal authority. It used Title V, Chapter 23, and it terminated him during his probationary period. So to try to... Do you think that even if the decision were substantively identical, even if the letter had said, we think you intentionally omitted things, intentionally presented falsehoods, and for that reason was incompatible, and we're doing this not under 731, that that would be enough to mean the whole 731 basis for appeal is unavailable all by itself? Yes, Your Honor, because the only way a person can appeal to the MSPB from the suitability regulations is under 731.501. And that specifically states that an appeal can only be taken from a suitability action taken by OPM or an agency with delegated authority from OPM. Here, under the same regulations, agencies do not have delegated authority from OPM to make suitability determinations on that specific factor. So no matter what language was used in the letter, they still wouldn't have had authority to be doing it, and that doesn't grant an appeal right because there's no authority there. So this, again, goes to the constructive suitability actions. The board cannot, based on the 2008 regulations, cannot read something into the letter that is beyond the authority from the regulations. And that's what the Upshaw case from the board was correcting. So I see that I've gone quite... Can I ask you one question? Yes. Why not give the guy an opportunity to be heard? I don't understand. You found that his behavior renders him incompatible, but you didn't give him a chance to explain his behavior. Well, Your Honor, it's established that, for example, in the Mastriano case, that probationary employees have very limited rights, that in these circumstances, he does not have certain appeal rights that employees would have, and that includes due process protections because of the way Congress has defined these different categories. I understand that, you know, Mr. Holland believes it's unfair, but it's not out of ordinary. It is unfair, but your view is we don't have to be fair? Well, Your Honor... Because that's what due process is all about, fairness. And you're saying he doesn't get due process rights, so we're allowed to be unfair. Due process comes from the Constitution. However, the Constitution does not guarantee a right of continued federal employment. And if that property right does not attach to a person, yes, that's correct. They are not afforded particular due process arguments. And this Court has actually discussed that in the Stone v. FDIC case, that due process rights do not come from a unilateral desire for them or an expectation of them or what's on, what's in your mind when you're hired. It comes from Congress. It comes from an independent source. And in this case, as discussed in Stone, the fact that 5 U.S.C. 7513 says that an employee can only be fired for due cause is what gives the property right. And here, he does not meet those categories. You would certainly agree his supervisors could have called him in and given him an opportunity to defend or explain all the problems that they found? Yes, I suppose that could have happened. And it probably even routinely happens, is my guess, within the government. I know that if I've had to let people go, I don't just usually let them go. I usually explain why and hear them out. Wouldn't you hope for at least that same courtesy? Yes, but unfortunately, equities cannot create a property benefit that does not exist other than what's been delegated by Congress. As a factual matter, did Mr. Holland get a chance to, not to go to the board, which is what you're arguing about, but to respond to the decision maker or the charging official? No, I don't believe so, Your Honor. He was given the termination letter and signed it the same day. So, you know, I understand that there's a, obviously, that if he wasn't a probationer, if he had more than two years of continuous federal service, he would be in a different category. But that is the structure that Congress has provided and the categories it's driven. What's troubling to me is just, what if all of the things that the background investigation revealed turned out to be false? Now you have an employee who has been terminated, and I understand he can be terminated at will for any reason within his probationary period, but it's a pretty big deal for him to have on his record that he lied. I mean, that's going to follow him forever in his career. It can't not. Well, Your Honor, that's why the agency gave him the choice before he was hired to wait for his background investigation to be completed or come on with the risk, knowing that if discrepant information was found, he would be terminated for that. But I doubt that the agency said to him when they said that, if discrepant information is found, you'll be terminated. And by the way, whatever we find, we won't even open the door and allow you to speak to us about it. I doubt that that was explained to him, was it? Mr. Holland was aware that he is a probationer and that he was serving on the accepted service as he checked off his form for the MSPB. But he was aware he could be fired if discrepant information was found. Perhaps this information is not discrepant. We don't know, because he's been given no opportunity to present his side. Well, unfortunately, Your Honor, that's not how the Congressional Congress has defined the different employee categories. And if there's no further questions, I'll sit down. Thank you. Sure. You have four minutes. Briefly, Your Honor, I've covered all the comments I was going to make. You've already covered everything that I was going to say. And I think what we have to talk about, no, he was not, Your Honor, Judge Moore, given an opportunity to respond at all. He was handed a termination letter, forced to sign it that day, and he was gone. Clean out your desk. You're out of here. Give us your gun, your creds, and everything else. You're through. Without any opportunity whatsoever to address discrepant information, which wasn't discrepant. It was because of the way a question was formed on that SF-86. Unfortunately, there are times, sir, when the government acts in ways that makes me not very proud of them. But as a judge, I have no power to unravel, given the state of the law. We have an opportunity here, Your Honor, to unravel because if he was as- How do we unravel this within the four corners of the law? How do we unravel it? Within the law. Within the law, of course. I would say that first, he's established that he's an employee. We have to go back to 731, Your Honor. 731 establishes he's an employee in a covered position, subject to investigation. Once he's subject to investigation, as I argued earlier, there must be, and it's right in the statute, there must be- The regulation, I'm sorry. There must be a suitability determination made, for good or for bad. Yes, but that has to be done by OPM. Your Honor, once this is- And this has to be done by OPM. Once it's determined by them- Suitability determination can take place at any time, even outside the probationary period. So it doesn't have to be the case that this was, in fact, that very investigation that you say was required to take place. It wasn't conducted by the person who was charged to do it, and it can be done at any time, even beyond the probationary period. But they had an obligation, Your Honor, under the regulations, if they could not do it because they didn't have the delegated authority, they had the obligation, it's a must, refer it to OPM for a suitability determination because of the status he holds. Not every employee is covered by that regulation, and that they have to do a suitability determination. It's absolutely right there, black and white.  No. Thank you, Judge.